## KNAPP V. CHARLES MIX COUNTY *et al.*

1. Under Section 8 Chapter 14, Laws 1891, personal property of the character and under the conditions described in the complaint must be listed and assessed in the county, town or district where the owner or agent resides.

2. A taxpayer may apply to a court of equity for protection against the seizure and sale of his personal property in satisfaction of a tax wrongfully and unlawfully levied thereon.

3. When the same personal property has been assessed in different counties for the same year, and the owner has paid the tax thereon in the county of his residence, he may maintain an action to prevent the collection of the tax assessed in another county, although the question of which is the proper county for its assessment has never been presented to the state auditor under Sec. 14, Chap. 14, Laws 1891.

(Syllabus by the Court.  Opinion filed August 31, 1895.)

Appeal from circuit court, Douglas county.  Hon. E. G. SMITH, Judge.

Action to cancel an assessment and restrain the collection of taxes.  From an order overruling a demurrer, defendants appeal. Affirmed.

The facts are stated in the opinion.

*James H. Exon* and *G. P. Harben,* for appellants.

*E. P. Wanzer* and *R. B. Tripp,* for respondent.

A party aggrieved by the action of the board of equalization of taxes may begin a new action to obtain relief.   Board v. Wilson, 15 Col. 90; Barber v. Farr, 54 Ia. 57; Davis v. Burnett, 77 Tex. 3; Court v. O'Conner, 65 Id. 334; Crane v. City, 20 Wis. 305; City v. Merritt, 7 Minn. 258; McLean v. Jepson, 123 N. Y. 142; Smith v. Osborn 53 Ia. 474.  A party can only be taxed for personal property where he resides and can insist that the tax be used there.  Ses. L. 1891, Sec. 8;  People v. Townsend, 56 Col. 633; St. Charles v. Molle, 51 Mo. 122; Farr v. Vannier, 5 Dak. 186; State Tax on For. Bonds, 15 Wall, 300.

FULLER, J.   This is an appeal from an order overruling a demurrer to a complaint in an action to cancel an assessment, and to re-

strain the collection of $167.20, personal taxes, alleged to have been wrongfully levied against plaintiff, a resident of Douglas county, by the assessor of the defendant Charles Mix county, upon 200 head of cattle, for the year 1892. It appears from the complaint that respondent has been a continuous resident of Douglas county, and has had no other place of business, for the last 10 years; that during the winter of 1891–92 he employed certain residents of Charles Mix county to take and winter 35 head of cattle belonging to him; that on or about the first day of June, 1892, he listed for taxation all his personal property, including the 35 head of cattle above mentioned, with the county assessor of Douglas county, and on the first day of February, 1893, paid to the treasurer of said county all the taxes levied on said property, including the 35 head of cattle so wintered in Charles Mix county; that plaintiff duly appeared before the board of equalization of Charles Mix county and demanded a cancellation of the entire assessment, which was refused. The complaint further contains the usual averments,— that the defendant treasurer is about to proceed to collect said $167.20 by distress and sale of personal property, and will so collect said illegal tax, unless restrained by order of the court. The prayer for relief is in ordinary phraseology, and consistent with the allegations of the complaint.

Relying upon section 14 of chapter 14 of the Laws of 1891, counsel for appellants maintain that the complaint should show that plaintiff had presented the question as to the place of taxation to the state auditor, whose decision thereon would be final. As to all questions arising between counties concerning the place to list personal property for taxation, the statute provides, in effect, that the place for listing and assessing the same shall be determined and fixed by the auditor of state; but when the contention is between a county and a nonresident thereof, we are inclined to believe that appellant's position is untenable, and not within the scope of the statute. Under section 8, *Id.*, personal property of the character described in the complaint must be listed and assessed in the county, town, or district where the owner or agent

resides; and in the case before us it was not only so listed and assessed, but a tax was levied thereon in another county, and its collection was sought to be enforced after the owner thereof had subjected the same to taxation in the county of his residence.   In the case presented, therefore, two different counties claiming the revenue, it would seem that the application to have the place of taxation fixed by the auditor should be made, if at all, by one or both of the interested counties, and not by the individual taxpayer. Section 14, *Id.*

Counsel's contention that plaintiff's exclusive, remedy was by appeal from the action of the board of county commissioners, sitting as a board of equalization, cannot be favorably entertained. Assuming, but not conceding, that a board of equalization has power and jurisdiction to cancel and declare void an entire assessment claimed to be illegal, or to refuse to take such action, that fact would not preclude a taxpayer from applying to a court of equity for protection against the seizure and sale of his personal property in satisfaction of a tax wrongfully and unlawfully levied thereon, in a county of which he was not a resident. and in which the property is presumed not to have been at the time such assessment was made.   The demurrer was properly overruled, and the judgment entered therein is affirmed.