## DUPREE V. STANLEY COUNTY *et al.*

Under Sec. 1557, Comp. Laws, personal property situated, kept, and owned in the unorganized county of Pyatt in the year 1893 was subject to taxation for state purposes in Stanley county, that being the nearest organized county.

(Syllabus by the Court.    Opinion filed Nov. 9, 1895.)

Appeal from circuit court, Stanley county.   Hon. LORING E. GAFFY, Judge.

Action by Frederick Dupree against the county of Stanley and John Hayes, treasurer thereof.   Judgment for defendants, and plaintiff appeals.   Affirmed.

The facts are stated in the opinion.

*Carter & Donahue*, for appellant.

*R. B. Stearns*, States' Attorney for Stanley county (*John F. Dillon*, of counsel) for respondents.

The court cannot extend the time for an appeal.   Burns v. Phinney, 55 N. W. 540.   An injunction to restrain the collection of a tax cannot be maintained solely on the ground of the illegality of the tax.   Hannemukle v. Georgetown, 15 Wall. 547. An injunction will not lie unless it is shown that the injury is irreparable.   Berri v. Patch, 12 Cal. 299;  Van Cott v. Supervisors, 18 Wis. 247;  Brewer v. Springfield, 97 Mass. 154.

KELLAM, J.   Appellant brought this action to restrain the collection of a tax, assessed against him by the respondent county, upon personal property as belonging to appellant and located in unorganized territory, known as Pyatt county. It is not material to set out or notice particularly the allegations of the pleadings, for, upon the conceded pertinent facts, the case must turn upon the legal effect of certain acts of the legislature.   Upon the pleadings appellant moved for judgment enjoining respondents from proceeding in any manner to collect the tax referred to.   The motion was denied.   Findings

were waived by stipulation, and the court rendered judgment dismissing the action, with costs against appellant. The appeal is from this judgment. The facts admitted by the pleadings are that the respondent county had assessed and was proceeding to collect against appellant, on personal property in the unorganized territory of Pyatt county, certain taxes, towit, "state, general, deficiency, bond, interest and sinking, special and judicial taxes, amounting in the aggregate to the sum of $537.40." The paramount question, therefore, is, had Stanley county authority to assess and levy the taxes named upon property in the unorganized county of Pyatt?

Upon this question of authority, the argument of counsel is principally directed to Chap. 50, Laws 1893; appellant contending that that act is inoperative, so far as it authorizes Stanley county to levy and collect taxes within Pyatt and other counties, for the reason that the title of such law does not express or intimate any such subject, and in that respect is in plain violation of Sec. 21, Art. 3, of the constitution. Its title is, "An act to include and incorporate the unorganized counties of Nowlin, Pyatt, Sterling and Jackson in the Sixth Judicial circuit, and defining and fixing the jurisdiction of the circuit court within said counties." Section 1 makes such counties a part of, and includes them in, the Sixth Judicial circuit. Section 2 gives the circuit court of Stanley county exclusive original jurisdiction over all causes of action arising in said unorganized counties. Section 3 authorizes the county commissioners of Stanley county "to levy and collect taxes within the said counties of Pyatt, Nowlin, Sterling and Jackson, for all judicial and state purposes." Exactly what the legislature meant by "judicial purposes" we do not know. It does appear, however, by the admitted allegations of the complaint, that a "judicial tax" was levied. If the authority to levy this tax rested alone upon this law, the question of its maintenance would be a serious one, but there is general statutory authority for subjecting to taxation personal property situated in an un-

organized county.    Section 1557, Comp. Laws, provides that, "when any personal property is situated and kept in any unorganized county of this territory then such property shall be subject to taxation in the nearest organized county thereto." Whatever may have been the effect, originally, of the several legislative enactments assuming to divide the Great Sioux reservation into counties while it was yet Indian country, the state has, since it passed under its immediate jurisdiction and control, recognized and adopted these county boundaries, and the courts of the state will take judicial notice of their location and geographical relation to each other.   Under said section Stanley county, the only organized county contiguous to Pyatt county, unorganized, is authorized to assess and levy a tax upon personal property situated in said latter unorganized county, for certain general purposes.   This section, being a part of Chap. 129 of the laws of 1885, was very thoroughly discussed and its legal effect declared in Farris v. Vannier, 6 Dak. 186, 42 N. W. 31.   It was there held that the law was invalid, in so far only as it sought to provide for local taxation for the sole benefit of a county foreign to that wherein the property was situated.   In line with that law, as thus interpreted by the supreme court, the state legislature, in 1890, by Chap. 65, annexed certain named unorganized counties to organized counties for revenue purposes, but, following the suggestion of the court, expressly provided "that no assessment shall be made or taxes collected in such unorganized counties for other than state purposes."   In this law of 1890 Pyatt county is not named, leaving it, as before, under the control of the general law—said Sec. 1557, Comp. Laws.  In this case no attack is made upon this law, nor is its consistency with our state constitution in any manner questioned.  Giving this law the effect given to it by the territorial supreme court in Farris v. Vannier, it would authorize the assessment and taxation of this property, to the extent and for the purposes therein indicated. The irregularities alleged in the complaint are fully denied by

the answer, so that in a motion for judgment upon the pleadings they would not avail the appellant. It follows, therefore, that, so far as shown by the pleadings, a part at least of this tax was legal and valid. Ordinarily, it would have been the duty of the trial court to have proceeded under Sec. 1643, Comp. Laws, and to have ascertained the true amount of taxes legally due from appellant, and to have rendered judgment against appellant for such amount; but the parties themselves, by their stipulation, in effect submitting the case upon the pleadings, put it beyond the power of the court to make such ascertainment. It could know nothing of the character of the taxes levied, except as shown by the complaint. Concerning the state tax, general and deficiency, there would be no doubt, and perhaps not as to "bond, interest and sinking"—certainly not, if, as we suppose, it meant only state bonds; but there might be doubt as to "special and judicial taxes," which nothing but evidence outside the pleadings would explain. We know of no law, and none is called to our attention, which defines "judicial taxes," or tells of what they shall consist, or for what purpose they may be levied. The trial court, therefore, was not in position to know, or to ascertain upon any information legally before it, the true amount of such taxes which appellant was liable to pay. Under such conditions, it could do nothing more nor less than to dismiss the action, and in this its judgment is affirmed. All concur.