## MEADE COUNTY V. HOEHN *et al.*

Under Laws 1890, Chap. 65, attaching the unorganized county of Scobey to Meade county for the purpose of levy and collection of taxes on property situated therein for state purposes, and Laws 1891, Chap. 14, § 8, requiring personal property to be listed and assessed in the county where the owner resides, personal property actually situated in Scobey county, but belonging to a resident of Meade county, is taxable for all purposes in Meade county.

(Opinion filed January 24, 1900.)

Appeal from circuit court, Meade county. Hon. JOSEPH B. MOORE, Judge.

Proceedings by county of Meade against Max Hoehn and others to determine where certain personal property should be assessed for the purposes of taxation. From a judgment for plaintiff, defendant John G. Wenke appeals. Affirmed.

*Martin & Mason,* for appellant.

Cited: Chap. 65, Laws 1890; Farris v. Vannier, 6 Dak. 186; Dupree v. Stanley county, 8 S. D. 30.

*M. McMahon,* for respondent.

Cited contra: Knapp v. Chas. Mix County, 64 N. W. 187; Cooly on Taxation, p. 371; Kirkland v. Hotchkiss, 42 Conn. 438; Reported also in 100 U. S. 498; Goldgart v. People, 106 Ill. 25; Horn v. Green, 52 Mass. 452; Lose v. State, 72 Ind. 285; Foresman v. Byrnes, 68 Ind. 247; Griffet v. Watson, 19 Kans. 298,

HANEY, J. The Meade county board of equalization having decided that certain personal property owned by defendant should not be assessed in that county, an appeal was taken to the circuit court, where the proceeding was heard without a jury, the court making the following findings of fact: (1) That on the 1st day of April, 1897, and for ten years prior thereto, the defendant John G. Wenke, had his residence in Sturgis City, Meade county, S. D. (2) That his herd of horses, valued by the assessor at $2,200, roamed at will over the public lands of Scobey county, S. D., during all of the year 1897. (3) That a short distance from the boundary line of Meade county, on the said public lands, he maintained a small board house, occasionally used by his employes. He maintains thereat also some corrals and branding pens. And (4) that his so called "range"

has no defined limits, and there is no dividing line between said range and his place of residence other than county lines. From the facts so found the court concluded that defendant's property should be listed and assessed in Meade county, his place of residence, and taxed there for all purposes, and judgment was entered accordingly. From such judgment defendant appealed.

Appellant concedes that his property should be listed for taxation in Meade county, and that it should be taxed therein for state and judicial purposes, but contends that in cannot be taxed for any other purpose. The unorganized county of Scobey, wherein defendant's animals ranged during 1897, was, in 1890, attached to Meade for the purpose of the levy and collection of taxes on property situated therein. The act attaching it provides that no assessment shall be made or taxes collected in such unorganized county for other than state purposes. Laws 1890, Chap. 65. A general revision of the law relating to the assessment, levy, and collection of taxes was enacted in 1891, which contains this provision: "Personal property, except such as is required in this act to be listed and assessed otherwise, shall be listed and assessed in the county, town or district where the owner or agent resides." Laws 1891, Chap. 14, § 8. It cannot be inferred that this revision was intended to repeal that portion of the act of 1890 attaching Scobey to Meade which relates to the taxation of property situated in the unorganized county, because the same legislature amended the former act by authorizing taxation therein for judicial as well as state purposes. Laws 1891, Chap. 15. Chapter 14, Laws 1891, was re-enacted in 1897 with several substantial changes not affecting the issues involved in this

case.  Laws 1897, Chap. 28.  The legislature of 1897 could not have intended its revision or re enactment to repeal all laws relating to taxation in unorganized counties, as it failed to provide therefor in the re enactment.  If, then, the act attaching Scobey to Meade remained in force when this controversy arose, there was an apparant conflict in the law applicable to the case at bar.  It provided that personal property shall be assessed in the county where the owner resides.  This, of course, applies only where the owner resides in the organized county, because the machinery for making assessments does not exist in unorganized counties.  It also provided that all property subject to taxation situated in the unorganized county shall be listed and assessed in the organized county to which it is attached, but that it shall be taxed therein only for state and judicial purposes.  In this case the owner resides in an organized county, the property being situated in an unorganized county, attached to the former for the purpose of the levy and collection of taxes on property situated in the latter.  The legislature has declared that personal property shall be taxed for all purposes, regardless of its actual location, in the county where the owner resides: and that property situated in an unorganized county shall be taxed for state and judicial purposes only, regardless of where its owner resides. Had Scobey been organized, the property situated therein would have been taxable for all purposes in Meade, where the owner resided.  Knapp v. Charles Mix Co., 7 S. D. 399, 64 N. W. 187.  Does the fact that the property was situated in an unorganized county change this rule, where the owner resides in the organized county to which the unorganized county is attached?  We think not.  ''When the reason of a rule ceases, so

should the rule itself."   Comp. Laws, § 4697.   It was held by the territorial supreme court, in a case where the owner resided and the property was situated in an unorganized county, that such property could not be taxed for the benefit of an organized county, Farris v. Vannier, 6 Dak. 186, 42 N. W. 31, 3 L. R. A. 713.   The acts of the legislature wherein the taxation of personal property situated in unorganized counties is limited to state and judicial purposes were doubtless intended to conform to this decision.   Dupree v. Stanley Co., 8 S. D. 30, 65 N. W. 426.   In following the suggestion of the territorial supreme court, the legislature seems to have overlooked the fact that its decision was in a case where the owner resided in an unorganized county, and it did not, in those acts, expressly provide for cases where the property is situated in an unorganized county, and the owner resides in another county, which is organized.   In the latter case we see no reason why the property may not be assessed for all purposes.   The reason of the rule announced in the territorial decision is thus stated by Mr. Justice Thomas:   "It seems to us that this law is an attempt on the part of the legislature to tax one community for the benefit of another, and is, therefore, void from the fact that all taxation must be public and local, and for objects in which those who pay the tax have, in a legal sense, some interest, and from which they may receive some benefit " Farris v. Vannier, *supra.*   Where the owner resides in an organized county—as in this case— he has, in a legal sense, some interest in the objects for which the taxes are paid, and receives some benefit therefrom.   Therefore there is no valid objection to taxing his personal property for all purposes in the county where he resides, although it may be situated in an unorganiz-

ed county.   Since 1891 it has been the policy of the law to re-
gard the owner's residence as the situs of personal property
for the purpose of taxation.   It is, therefore our conclusion
that personal property, although actually situated in an unor-
ganized county, should be, for the purpose of taxation, deemed
to be situated in the organized county wherein it is required to
be assessed when the owner resides in such county, and that it
is taxable therein for all purposes.   This conclusion gives effect
to all parts of the statute, and does not conflict with any prin-
ciple heretofore announced by the territorial or state supreme
court.   The judgment of the circuit court is affirmed.