## MEADE COUNTY V. HOEHN *et al.*

1. Under Laws 1893, c. 50, attaching the unorganized counties of Sterling and Nowlin to Stanley county for judicial purposes, and authorizing the commissioners of such county to levy and collect taxes within such unorganized counties for all "state and judicial" purposes, and Laws 1897, c. 28, § 8, requiring all personal property to be listed and assessed in the county where the owner resides, a resident of Meade county, owning cattle ranging in such unorganized counties, is liable to an assessment thereon in the county of his residence, though the cattle had been assessed and the assessment collected by the assessor of Stanley county; the act of 1893 referring only to residents of those counties.

2. Laws 1895, c. 26 providing that live stock may be assessed at any time in the county in which they are found ranging during certian months,

providing they have not already been assessed in another organized county, applies only to organized counties, and hence the assessor of a county to which unorganized counties are attached has no authority to assess cattle roaming in such unorganized counties.

(Opinion filed February 7, 1900.)

Appeal from circuit court, Meade county. Hon. JOSEPH B. MOORE, Judge.

Proceedings by Meade county against Max Hoehn and others. From a judgment for plaintiff, defendant C. K. Howard appeals. Affirmed.

*Martin & Mason,* for appellant.

The prior assessment of appellants property in Stanley county and the payment by him of the taxes levied thereon in that county is a bar to the assessment of the same property in Meade county. Laws 1897, Chap. 28, §§ 33, 42.

The property of appellant being situated in an unorganized county was properly assessed in the nearest organized county which was Stanley County. Comp. Laws § 1557; Dupree v. Stanley county, 8 S. D. 30. The Acts of 1890 Chapter 65 and of 1893 Chapter 50 both expressly provided that property situated as was appellants should be taxed in Stanley county.

No part of the property of appellant ever ranged in Meade county, nor was the home ranch in that county, it was therefore not subject to assessment in that county. Chap. 26 Laws 1895; Chap. 35 Laws 1897; Holcomb v. Keliher, 5 S. D. 439.

If taxable at all in Meade county it can only be for state and judicial purposes. Chap. 65 Laws 1890; Chap. 15 Laws 1891; Chap. 50 Laws 1893; Farris v. Vannier 6 Dak. 186.

*M. McMahon,* for respondent.

Cited: Chap. 14 Laws 1891; Chap. 28 Laws 1897; Knapp v. Charles Mix county, 64 N. W. 187; Cooly on Taxation, p.

371; Kirkland v. Hotckiss, 42 Conn. 438; Goldgart v. People, 106 Ill. 25; Horn v. Green, 52 Mass. 452; Lose v. State, 72 Ind. 285; Foresman v. Byrnes, 68 Ind. 247; Griffett v. Watson, 19 Kans.

CORSON, J. This is an appeal from a judgment rendered by the circuit court of Meade county in May, 1898, reversing an order of the board of equalization of Meade county, made in 1897. The case was tried by the court without a jury, and it found the facts therein. The only facts material in the consideration of this case are that the defendant Howard was in 1897, and for many years prior thereto had been, a resident of said Meade county, and on the first day of April, 1897, was the owner of a herd of cattle of the value of about $40,000, ranging on the government lands east of the Cheyenne and Belle Fourche rivers, principally in the unorganized counties of Nowlin and Sterling; that the appellant was assessed in Meade county for the year 1897 on his said live stock so ranging in said unorganized counties; that said stock was assessed by the assessor of Stanley county for the year 1897, and the taxes assessed thereon paid by said appellant, prior to the proceedings had before the board of county commissioners. The court concluded as matter of law that all of the said property should be listed and assessed to the said owner, C. K. Howard, in Meade county; that being his place of residence. It is contended by counsel for the appellant that the judgment is not sustained by the findings of fact, for the reason that the live stock sought to be assessed ranged in Sterling and Nowlin counties, which were attached to Stanley county for judicial and revenue purposes, and not in Meade county; and for the

further reason that said property had been properly assessed for the year 1897 in Stanley county, to which the unorganized counties of Sterling and Nowlin were attached, and which taxes so assessed had been paid to that county. The respondent insists that, as the defendant was a resident of Meade county, his live stock ranging in the unorganized counties of Sterling and Nowlin was properly assessed to him in Meade county, and that the assessment made on the said live stock by the authorities of Stanley county was not authorized by law, and that the payment, therefore, of the tax assessed upon said property in that county did not relieve him from his liability to be assessed upon the same property in Meade county. This court has decided in a recent case that the live stock ranging in an unorganized county was properly assessed to its owner in the county in this state where he resides. Meade Co. v. Hoehn *et al.*, 12 S. D. 468, 81 N. W. 886.

The only question remaining to be determined in this case is, did the facts that the unorganized counties of Nowlin and Sterling were attached to Stanley county for judicial and revenue purposes, and that the authorities of Stanley county were authorized to assess property in the unorganized counties so attached, and that the property was in fact assessed by the assessor of Stanley county, and the taxes thereon paid to said county, relieve the defendant, as a resident of said Meade county, from his liability to assessment upon his said property in that county? By Chapter 50, Laws 1893, the unorganized counties of Pyatt, Sterling, Nowlin, and Jackson were made a part of and included in the Sixth judicial circuit of South Dakota, and by section 3 of that act the county commissioners of the county of Stanley were authorized and empowered to

levy and collect taxes within. the said counties for "all state and judicial purposes." As Section 8, Chap. 28, Laws 1897, provides that, "Personal property except such as is required in this act to be listed and assessed otherwise shall be listed and assessed. in the county, town, or district where the owner or agent resides," and the act of 1893, above referred to, provides that the county commissioners of Stanley county shall be authorized to levy and collect taxes within the unorganized counties of Pyatt, Sterling. Nowlin, and Jackson for judicial and state purposes, there would apparently seem to be a conflict between the provisions of said section 8 of the Laws of 1897 and the law of 1893. But we think this apparent conflict may be harmonized by construing the law of 1893 as only applying to property of parties who are residents of the unorganized counties named in the act. The act of 1893 was evidently based upon the decision of the supreme court of the late territory of Dakota, in which that court held that, when the owner resided and the property was situated in an unorganized county, such property could not be taxed for the benefit of an organized county. Farris v. Vannier, 6 Dak. 186, 42 N. W. 31, 3 L. R. A. 713. We think, therefore, it was the evident intention of the legislature to limit the act of 1893 to cases only where the owner of the property assessed resided in such unorganized county. Giving, therefore, to the act of 1893 the effect evidently intended by the legislature, there is no conflict between that act and the provisions of Section 8, Chap. 28, Laws 1897. That such was the intention of the legislature in adopting the act of 1893 is quite apparent from the fact that said Section 8, Chap. 28, Laws 1897, is a readoption of Section 8, Chap. 14, Laws 1891, without repealing the act of 1893

This view of the law of 1893 leads to the conclusion that, as the appellant was a resident of Meade county, and not of either of the unorganized counties referred to, the assessor of Stanley county had no authority to assess this personal property ranging in said unorganized counties; and hence, not being authorized to assess the property, the payment of an illegal assessment made by that county did not relieve the appellant from the liability to be assessed upon the same property in the county where he resided.     The fact, therefore, that his property had been assessed by the assessor of Stanley county for state and judicial purposes, and that he had paid the taxes so assessed, could not avail him as against an assessment properly made by the assessor of Meade county.

Appellant further contends that Chap. 26, Laws 1895, which provides that all live stock may be assessed at any time in the county in which they are found roaming during the months of July, August, September, October, and November of each year, providing that said live stock has not already been assessed in another organized county the same year, gave to the assessor of Stanley county the right to assess the live stock of the appellant ranging in the unorganized counties of Nowlin and Sterling, attached to the said Stanley county for judicial and revenue purposes.     But we take the view that this statute applies only to organized counties.     This is made clear by Section 2 of the act, which provides that, "in case the assessor fails or neglects to assess such live stock, then the county treasurer * * * shall at once proceed" to assess the same.     The treasurer here mentioned clearly refers to the treasurer of the organized county in which the live stock is found ranging.     We are of the opinion, therefore, that the

learned circuit court properly concluded that the appellant was liable to be assessad upon his live stock ranging in the unorganized counties of Nowlin and Sterling in Meade county, where he resided. The judgment of the circuit court is affirmed.